IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BRANDI L. CAIN,   No. 03:11-cv-01508-HZ

    Plaintiff,   OPINION & ORDER

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.

Sara L. Gabin
Sara L. Gabin, P.C.
14523 Westlake Drive
Lake Oswego, OR 97035

    Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Mathew W. Pile
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104

Scott T. Morris
Social Security Administration
1301 Young Street, Suite A702
Dallas, TX 75202

    Attorneys for Defendant

HERNANDEZ, District Judge:

    Plaintiff Brandi Lynn Cain brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits and supplemental security income. This court has jurisdiction under 42 U.S.C. § 405 (g) (incorporated by 42 U.S.C. § 1382(c)(3)). I affirm the Commissioner's decision for the following reasons.

## PROCEDURAL BACKGROUND

    Plaintiff protectively filed for disability insurance benefits and supplemental security income on October 16, 2007. Tr. 24, 90-93. These claims alleged an onset date of April 1, 2006. Tr. 53. Her claims were denied initially and on reconsideration. Tr. 96, 100, 104, 108. On February 9, 2010, plaintiff appeared for a hearing before an Administrative Law Judge (ALJ). Tr. 40. On April 30, 2010, the ALJ found plaintiff not disabled. Tr. 21-34. The Appeals Council denied review on October 19, 2011. Tr. 1-6.

## FACTUAL BACKGROUND

    Plaintiff alleges disability due to bipolar disorder, anxiety disorder, post-traumatic stress disorder (PTSD), and personality disorder. Tr. 112, 200. At the time of the hearing, she was 44 years old. Tr. 45. She graduated from high school and has a culinary school certificate. Tr. 46.

2 - OPINION & ORDER

Because the parties are familiar with the medical and other evidence of record, I only refer to any additional relevant facts necessary to my decision in the discussion section below.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges is so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20

3 - OPINION & ORDER

C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can return to past relevant work, the claimant is not disabled.  If the claimant cannot perform past relevant work, the burden shifts to the Commissioner.  In step five, the Commissioner must establish that the claimant can perform other work.  Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date.  Tr. 26.  Next, at step two, the ALJ determined that plaintiff had severe impairments of a mood disorder, a personality disorder, anxiety, alcohol and drug dependence, and obesity.  Id.  As part of the step two determination, the ALJ considered the medical evidence and the plaintiff's hearing testimony regarding her obesity.  Id.  At step three, the ALJ found that the impairments, singly or in combination, did not meet or equal the requirements of any listed impairment.  Tr. 27-28.  Next, the ALJ determined that plaintiff had a RFC to perform medium work that would allow her to lift 50 pounds occasionally and 25 pounds frequently; sit for six hours of an eight-hour workday; stand and walk six hours of an eight-hour workday; perform simple, repetitive tasks and occasionally perform more detailed tasks; occasionally interact with the general public (but without close interaction); engage in routine contact with co-workers; and avoid hazards.  Tr. 28.  At step four, the ALJ found that plaintiff could perform past relevant work as a room service worker and a daycare provider.  Tr. 32-33.  The ALJ made an alternative finding at step five and concluded that plaintiff was not disabled.  Tr. 32.  Considering plaintiff's age, education, work experience, and RFC, the ALJ found that

4 - OPINION & ORDER

plaintiff could perform work as a kitchen helper and a recycler/reclaimer – jobs that exist in significant numbers in the national economy.  Tr. 32-33.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal quotation omitted).  The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision.  Id.; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed."  Vasquez, 572 F.3d at 591 (internal quotation and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation omitted).

## DISCUSSION

Plaintiff contends that the ALJ erred in concluding she was not disabled.  Specifically, she argues that the ALJ (1) failed to properly evaluate plaintiff's credibility, (2) failed to give controlling weight to the opinion of plaintiff's treating physician, Susan Elmore, M.D., (3) failed to properly evaluate the lay testimony of Douglas Corrigan, (4) erred by not finding plaintiff's PTSD to be a severe impairment, and (5) erred by relying on an inaccurate RFC.

/ / /

/ / /

5 - OPINION & ORDER

I.      Plaintiff's Credibility

Plaintiff argues that the ALJ erred by finding her not credible. The ALJ must consider all symptoms and pain which "can be reasonably accepted as consistent with the objective medical evidence, and other evidence." 20 C.F.R. § 404.1529(a). Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. Lingenfelter, 504 F.3d at 1036 (citing Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citing Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc)). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. Smolen, 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. Id. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006); see also Bunnell, 947 F.2d at 346-47.

Here, the ALJ did not find plaintiff's statements about the "intensity, persistence and limiting effects of [her alleged] symptoms" credible. Tr. 29. Specifically, the ALJ concluded that plaintiff was not credible because her activities of daily living showed an active lifestyle, she inconsistently reported her alcohol and marijuana use, and she did not pursue treatment

6 - OPINION & ORDER

consistently.  Id.  In addition to asserting these findings as errors, plaintiff argues that the ALJ erred by relying on the fact that no physician concluded that plaintiff was disabled and that the ALJ found plaintiff not credible because her testimony about her limitations exceeded those in the RFC.

    A.    Activities of Daily Living

Plaintiff argues that the ALJ erred by finding that her activities of daily living showed that she is "less impaired that she alleges." Pl.'s Br. 13.  The ALJ may cite a claimant's activities of daily living in his credibility analysis, Smolen, 80 F.3d at 1284, and may cite such activities in finding them inconsistent with a claimant's allegation of total disability.  Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1196 (9th Cir. 2004).  However, "the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)).  An adverse credibility finding may include activities that meet the threshold for transferable work skills.  Orn, 495 F.3d at 639 (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)); see also, e.g., Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir.1999) (claimant's ability to "fix meals, do laundry, work in the yard, and occasionally care for his friend's child" was evidence that he had the ability to work).

The ALJ found plaintiff not credible because she had a "spotty work history since 2002" despite her "active lifestyle[.]" Tr. 29.  The ALJ noted that plaintiff can babysit her granddaughters for 10 hours per week, cook, do laundry, walk her dog, go shopping, and use a computer.  Id.  The ALJ attributed plaintiff's spotty work history to a lack of motivation to pursue work.  Id.  However, Plaintiff's lack of motivation or spotty work history does not show

7 - OPINION & ORDER

that she lacks credibility. The ALJ failed to explain how plaintiff's daily activities are inconsistent with her alleged impairments. The ALJ's credibility finding based on activities of daily living is not supported by substantial evidence.

      B.      Alcohol and Marijuana Use

Plaintiff further disputes the ALJ's credibility finding because "an ALJ may find a claimant not disabled only if these substances [alcohol and drugs] are 'material' to disability." Pl.'s Br. 15 (citing to 20 C.F.R. 404.1535 and 416.935). First, the ALJ's credibility finding regarding plaintiff's alcohol use is directed at her inconsistent statements regarding use, not the impact of alcohol on plaintiff's impairments. Tr. 29. Plaintiff incorrectly understood the ALJ's finding.

Regarding plaintiff's marijuana use, the record shows that on August 1, 2006, she indicated that she last used the drug in May 2004. Tr. 279, 281. However, in July, September, and December of 2007, plaintiff reported daily marijuana use in high quantities. Tr. 479, 648-49, 705, 778. Plaintiff also inconsistently testified that she has used marijuana "a couple times a month" since April 2006, and the last time she used it was one month prior to the hearing. Tr. 60. The ALJ did not err by finding that plaintiff was not credible because of her contradictory statements regarding her alcohol and drug use.

      C.      Inconsistent Treatment

Plaintiff argues that the ALJ should not have found plaintiff "not credible for having pursued treatment inconsistently." Pl.'s Br. 16. The ALJ concluded that plaintiff's pursuit of treatment was inconsistent because, for example, she stopped attending treatment to babysit her grandchildren. Tr. 30.

An ALJ may cite to claimant's failure to seek treatment in finding her not credible. Smolen, 80 F.3d at 1284. "'[U]nexplained, or inadequately explained, failure to seek treatment' may be the basis for an adverse credibility finding unless one of a 'number of good reasons for not doing so' applies." Orn, 495 F.3d at 638 (quoting Fair, 885 F.3d at 603 (citing 20 C.F.R. § 404.1530(c)). Similarly, noncompliance with a recommended course of treatment supports an adverse inference as to the credibility of the allegations of disability. Orn, 495 F.3d at 638; Tonapetyan v. Halter, 242 F.3d 1144, 1147-48 (9th Cir. 2001).

Plaintiff concedes that plaintiff "missed several drug rehabilitation sessions." Pl.'s Br. 16. However, plaintiff does not provide good reasons for missing rehabilitation sessions, e.g., not having medical insurance. See Orn, 495 F.3d at 638. Plaintiff only states that even though she missed rehabilitation sessions, she "remained in contact with her counselors." Pl.'s Br. 16. This argument does not explain the gap in seeking treatment. The ALJ did not err by considering plaintiff's inconsistent treatment in the adverse credibility finding.

    D.    No Medical Opinion of Disability

The ALJ stated that "[n]o treating or examining provider opined that [plaintiff] is disabled or had more limitations than those determined" by the ALJ. Tr. 30. Plaintiff argues that the ALJ erred by failing to "refer accurately to the evidentiary content." Pl.'s Br. 16. The disability determination is a legal conclusion reserved to the Commissioner, and therefore, a physician's opinion of disability is not binding on the ALJ's determination of disability. Tonapetyan, 242 F.3d at 1148. It is incorrect for an ALJ to make an adverse credibility finding based on the absence of a medical opinion of disability. However, the ALJ did not rely on the absence of a disability opinion. Rather, the ALJ explained that plaintiff's treatment was "routine

9 - OPINION & ORDER

and conservative in nature," and that Dr. Elmore found steady improvement in plaintiff's condition. Tr. 30. There is no error in the ALJ's statement.

  E.  RFC Assessment

Finally, plaintiff challenges the credibility finding because the ALJ found plaintiff "not credible to the extent her statements concerning the intensity, persistence and limiting effects of her symptoms are inconsistent with the residual functional capacity the ALJ arrived at[.]" Pl.'s Br. 12-13.

Judges in this Court have found this reasoning by the ALJs as erroneously circular and inconsistent with the sequential analysis. Carlson v. Astrue, 682 F. Supp. 2d 1156, 1167 (D. Or. Jan. 21, 2010); Young v. Astrue, No. 09-23-AC, 2010 WL 331781 at *5 (D. Or. Jan. 21, 2010). Although the statement is "admittedly confusing and not as clear as it should be," it "simply conveys the general concept that the RFC assessment includes those statements by [the plaintiff] concerning her symptoms found credible by the ALJ and excludes her other statements found not credible." Hodgson v. Astrue, 3:10-CV-6261-ST, 2011 WL 4852307, *7 (D. Or. Sept. 14, 2011) report and recommendation adopted, 2011 WL 4809819 (D. Or. Oct. 11, 2011). The statement is not "articulating that [the ALJ] is relying upon his own RFC assessment in order to find [the plaintiff] not credible. Instead, the reasons relied on by the ALJ to reject the alleged extent of [the plaintiff's] limitations are set forth in the paragraphs that follow this introductory statement." Id. I agree that in this case, the sentence in question was an introductory statement. I find no error in the ALJ's statement.

In summary, although the ALJ's adverse credibility regarding plaintiff's daily activities is not affirmed, I nevertheless affirm the ALJ's credibility finding. Not all of the ALJ's reasons for discrediting the plaintiff must be upheld, as long as substantial evidence supports the

10 - OPINION & ORDER

determination. Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008); Batson, 359 F.3d at 1197. I find that the ALJ's credibility finding is supported by substantial evidence based on findings regarding plaintiff's inconsistent statements about her substance use and her inconsistent pursuit of treatment.

II.     Treating Physician's Opinion

Plaintiff argues that the ALJ erred in rejecting Dr. Elmore's opinion "for reasons that are neither specific nor legitimate." Pl.'s Br. 17.

Social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant. Id.; 20 C.F.R. §§ 1527(d)(1)-(2), 416.927(d)(1)-(2). If the treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is consistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. Orn, 495 F.3d at 631; Holohan, 246 F.3d at 1202. If a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the ALJ must still articulate the relevant weight to be given to the opinion under the factors provided for in 20 C.F.R. §§ 1527(d)(2), 416.927(d)(2). Orn, 495 F.3d at 631. Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than that of a physician who did not examine the claimant but formed an opinion based on a review of the claimant's medical records. Holohan, 246 F.3d at 1201-02.

11 - OPINION & ORDER

In this case, the ALJ did not reject Dr. Elmore's opinion, but actually accorded her opinion "significant weight." Tr. 30. The ALJ did not give Dr. Elmore controlling weight because she was "vague and her records reflect improvement in claimant's symptoms with treatment." Id.

On June 4, 2008, Dr. Elmore diagnosed plaintiff with bipolar disorder and PTSD. Tr. 798. She also opined that plaintiff had decreased "concentration when manic or severely depressed (50% of the time)" and "Good Persistence." Tr. 799. Dr. Elmore's most recent objective findings included "hallucinations or delusions," "[g]ood insight, judgment," and "memory intact." Tr. 797. Despite these diagnoses, Dr. Elmore did not explain the basis of her conclusions and, therefore, the ALJ properly considered Dr. Elmore's opinion to be vague. See Batson, 359 F.3d at 1195 (while an ALJ should generally give more weight to the opinion of a treating doctor rather than that of an examining doctor, an ALJ may nevertheless reject a treating doctor's opinions "that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings").

Furthermore, between June 4, 2008, and September 24, 2009, Dr. Elmore reported that plaintiff's condition showed improvement. Tr. 835. She did not note any deterioration or decompensation in plaintiff's work or work-like setting; noticed progress with brief depressive episodes lasting at most two days, prolonged stability on medications, and no "restlessness, anxiety, insomnia or sedation;" and reported "significant stability," mood symptoms resolved by more than 80%. Id. Plaintiff did not point to any evidence in the record that contradicts the ALJ's finding that Dr. Elmore was vague or that her records show improvement in plaintiff's symptoms with treatment.

12 - OPINION & ORDER

Plaintiff also relies on records from other professionals to show that Dr. Elmore's opinion was not contradicted by other evidence. Pl.'s Br. 19. These records include opinions from Heidi Wallace, a graduate intern, Judy DeNunzio, a psychiatric mental health nurse practitioner, Kristen Peterca, M.A., a therapist at LifeWorks NW, and Cristian Matei, a staff member at LifeWorks NW. Tr. 337, 379, 479-81, 495-96, 498, 501, 503. According to the regulations, the ALJ was not obligated to consider the records from these professionals. 20 C.F.R. 404.1513(a); 20 C.F.R. 416.913(a).[1] For this same reason, the ALJ appropriately gave less weight to Linda Beldin-Korter, a licensed clinical social worker. Tr. 31.

Plaintiff also argues that the ALJ should not have relied on Dr. Leland's report because he did not review records from Dr. Elmore, Ms. Beldin-Korter, Patti Williamson, a professional counselor, or Dr. Monique Gedenk's chart notes. Pl.'s Br. 20. The ALJ did not assign any weight to Dr. Leland's opinion, but stated that his "report was objective and forms a basis for the functional limits that claimant has psychologically." Tr. 30. As explained previously, only Dr. Elmore and Dr. Gedenk qualify as acceptable medical sources that must be considered by the ALJ. The ALJ did indeed consider both Dr. Elmore and Dr. Gedenk's reports in her opinion—particularly according Dr. Elmore significant weight. The ALJ did not err by also considering Dr. Leland's opinion.

In summary, the ALJ provided specific and legitimate reasons for giving significant, but not controlling weight to Dr. Elmore's opinion. These reasons are supported by substantial evidence in the record.

/ / /

/ / /

---

[1] These regulations outline who is considered an "acceptable medical source". 20 C.F.R. § 404.1513(a); 20 C.F.R. 416.913. As relevant here, licensed physicians (medical or osteopathic) and licensed or certified psychologists are acceptable medical sources. Id.

13 - OPINION & ORDER

III.  Lay Witness Credibility

Plaintiff contends that the ALJ erred by disregarding the "full tone and content" of Douglas Corrigan's statements, and by acting arbitrarily. Pl.'s Br. 21-22. An ALJ must consider lay witness statements concerning a claimant's ability to work. Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006). Lay statements as to the claimant's symptoms or how an impairment affects the ability to work cannot be disregarded without comment. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). If the ALJ wishes to discount the statements of a lay witness, she must give reasons that are germane to the witness. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

Mr. Corrigan's written statements discuss plaintiff's daily activities that include "manic," "compulsive," and "very obsessive" household cleaning, as well as online dating, dating, attending NA meetings, and going to coffee shops. Tr. 232-34. He also indicates that plaintiff has nightmares, at times is unable to sleep, struggles with concentration, and experiences severe bouts of manic attacks followed by listless depression. Tr. 231-32, 235, 237.

The ALJ found these statements credible to the extent that the statements did not contradict other evidence in the record that had already been considered. Tr. 31. The ALJ also found that there was "more reliable medical evidence from examining medical professionals who have the expertise to evaluate the impact of the claimant's impairments on functional capacity." Id. Plaintiff does not indicate which of Mr. Corrigan's statements was disregarded by the ALJ. As explained above, the ALJ did not discount Mr. Corrigan's testimony but relied on those statements in the credibility determination. Id. The ALJ properly considered Mr. Corrigan's lay witness statements.

/ / /

IV.     PTSD Not a Severe Impairment

At step two, plaintiff contends the ALJ erred by not also finding PTSD as a severe impairment. Pl.'s Br. 20-21. The ALJ based her finding on the records from Drs. Gedenk and Leland, her observations at the hearing, and plaintiff's testimony. Tr. 26-27. The ALJ indicated that "[o]ther symptoms and complaints appear in the medical treatment records periodically, but there is nothing to show that they are more than transient or cause significant vocational limitations." Tr. 27.

The ALJ considers the severity of the claimant's impairments at step two. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" are the abilities and aptitudes necessary to do most jobs, including physical functions such as walking, standing, sitting, and lifting. 20 C.F.R. §§ 404.1521(b), 416.921(b). In SSR 96-93p (available at 1996 WL 374181, at *1), the Commissioner has explained that "an impairment(s) that is 'not severe' must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." This inquiry is *de minimis* only. <u>Yuckert</u>, 482 U.S. at 153-54.

Plaintiff contends that the ALJ disregarded reports from multiple professionals[2] who diagnosed plaintiff with PTSD. Pl.'s Br. 21. With the exception of Drs. Elmore, Shields, and Drakos, the ALJ was not required to consider the records from these professionals. 20 C.F.R. 404.1513(a)-(b); 20 C.F.R. 416.913(a)-(b). Although Dr. Elmore is an acceptable source that

---

[2] These professionals include Kimberly Shields, a doctor of ostephatric medicine (D.O.); Ms. Wallace, a graduate intern; Ms. Williamson, a professional counselor; Ms. DeNunzio, a psychiatric mental health nurse; Ms. Beldin-Korter, a clinical social worker; Dr. Elmore; Nick Drakos, M.D.; and Elizabeth Downs, a clinical social worker.

15 - OPINION & ORDER

diagnosed PTSD, her diagnosis was conclusory and she did not indicate that plaintiff had functional limitations related to the PTSD. Tr. 798. As for Dr. Shields, plaintiff met with her twice but was not diagnosed with PTSD. Tr. 308 (chief complaints were thyroid and depression), 310 (chief complaint was acid reflex). Finally, Dr. Drakos' notes regarding PTSD only referenced Dr. Elmore's diagnosis. Tr. 1024. In short, only Dr. Elmore diagnosed plaintiff with PTSD.

Even if the ALJ erred by not finding PTSD a severe impairment, omissions at step two are harmless if the ALJ's subsequent analysis considered the effect of the omitted impairment. Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007). Plaintiff does not point to evidence in the record to show plaintiff's PTSD causes significant vocational limitations. Concerning the omissions of PTSD (and other symptoms) as severe impairments, the ALJ generally stated that "there is nothing to show that [other symptoms and complaints] are more than transient or cause significant vocational limitations." Tr. 27. There was no error in finding that PTSD was not a severe impairment. Even if the ALJ erred by not finding PTSD to be a severe impairment, the error was harmless.

V.     Inaccurate RFC

Plaintiff contends that the ALJ relied on an inaccurate RFC by not recognizing that plaintiff's concentration erodes by 50 percent and that plaintiff has a moderate deficit interacting socially. Pl.'s Br. 22. As previously discussed, Dr. Elmore's opinion was given significant, but not controlling weight. And contrary to plaintiff's argument, the ALJ gave significant weight to the report from Paul Rethinger, Ph.D., (Tr. 28) who indicated that plaintiff was "moderately limited" in her "ability to interact appropriately with the general public" and in her "ability to get

along with coworkers or peers without distracting them or exhibiting behavioral extremes." Tr. 270.  The ALJ's RFC properly accounted for all of plaintiff's limitations.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole.  The Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this 26 day of Dec, 2012.

/s/ Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge